Mi’- Justice MILLER
delivered the opinion of the'court.
This was a suit brought in the court below agaiiist the plaintiff in error in his official character to recover taxes collected by him, which are alleged to have been illegally assessed against the insurance company. The appeal of the company to the Commissioner of Internal Revenue having' been decided against it, the tax was paid-'and suit' brought within six months, as provided' by the act of Congress. The insurance company recovered a'judgment in the Circuit Court, and the collector brings a writ of error in the interest *329 of the. government, the object of which is to test the legality of the tax thus levied and collected.
An agreed'statement of facts-shows that the taxes complained of w.ere assessed upon dividends declared by the insurance company.” on the earnings which, had accrued to •said company, between the. 5th day of July, 1869, and the 30th day of June, 1870;” and the dividend Was declared after the latter date.
This short .statement raises two questions: 1. Was the tax valid as to so much of the dividend as arose from the earnings'of the year 1869 ? ‘ 2. Was it valid as to that which' arose from the earnings ¡oí the year 1870?
As 'regards the first proposition, it,was much considered . in' the Barnes cases.* It was argued in those case's with much ability,-and four members of the court were of .that' opinion that the entire income tax expired with the year 1869, and that’as-the tax in those cases, as in these, was ■assessed on' dividends declared in .the.year 1870, they were without authority of law.,
' The.argument in those cases, sofá-r as the opinion of the court was concerned, turned mainly on the question,whether the''law intended to .imposé the tax on the income of thé corporation, in which case it was obviously, the'income of' 1869 which was taxed, and; theréforq, properly taxed; or on the income'of .the stockholder, ascertained' by his dividend»in which case thé minority of'the' court thought'that dividends declared in 1870 wéré not-liable .to the tax, because the-taxing power under the law expired with the; preceding year. It is,.perhaps, fairly inferable from the report of those cases, and the .opinion in .the .subsequent case of The United States v. Baltimore and Ohio Railroad Company,† that among those who composed the majority in- the. Barnes cases, therewepe some shades of difference' in the precise grounds on which the validity of the taxes rested.
Without reopening 'that subject for. an inquiry into those -differences, it may,he said that the question whether the tax' *330 was, in those cases, a tax on the shareholder or on the corporation, was, and is, one of form rather than substance.
The tax is imposed by the statute alike on all dividends declared, and on all undistributed earnings of the corporation, and it is made the duty of the corporation to pay it.-
It is also made the duty of the corporation to make returns of these dividends and undivided earnings to. the proper internal revenue officer, under a heavy penalty.
In the case of dividends declared, the corporation is authorized to deduct the amount of the tax from the dividend due to the shareholder, before paying it to him.
And it follows from this, that, when a dividend is declared to any shareholder, whose dividend is for any special reason exempt from such tax, as in the case of the city of Baltimore on her stock in the railroad company, then the corporation declaring the dividend is not liable.
The effect of such a tax on the shareholder is the same, whether it be considered a tax on his share for the dividend fearned by his share, or on the corporation on account of said earnings. And it is.the same, whether the tax is imposed on the undivided earnings, or on those earnings after they have been divided; He in any and all these cases, in point .of fact, ultimately suffers to that eKt.ent, or loses the amount of the tax. We are of opinion that the statute intended to tax those earnings for the year 1869, whether divided or ,undivided, and that the tax nowin question is to that extent valid.
' The question arising, out of the tax in these cases, so far as the dividends are based on the earnings of the corporation for the year 1870,.presents other considerations.
In the view taken by this court in the Barnes eases, it did not become necessary to pass upon the validity and effect of' the seventeenth section of the act of 1870.* That is entitled an act to reduce internal taxes, and for other purposes. -It repealed'several sections of the internal revenue law absolutely. It fixed a period in the future for the cessation of *331 others, and it reduced the income.tax in a certain class of eases from five to two and a half per cent., and provided for its continuance through the-years 1870 and 1871; at the end of which all income tax was to cease.
The section we are considering declared that sections 120, 121, 122, and 123 of the internal revenue law of 1864, as modified by subsequent statutes,. “ shall be construed to impose the taxes therein mentioned to the first day of August, 1870, and after that date no further taxes shall be levied or assessed under said sections; and all acts or parts of acts relating to the taxes herein repealed, and all the provisions of said acts shall continue in full force for levying and collecting all taxes properly assessed, or liable to be assessed, or accruing under the provisions of former acts.,” &c., &e.
But for the unfortunate 'and unnecessary use of the word “ construe” in this sentence, we apprehend that none of the. resistance to the class of taxes now under consideration would have been thought of.
The right of Congress to have imposed this tax by anew statute, although the measure of it was governed by the in'come of the past year, cannot be doubted; much less can it be doubted that it could impose such a tax on the incomé of the current year, though part of that year had elapsed when the statute was passed. The joint- resolution of July 4th, 1864, imposed a tax of five per cent, upon all income of-the previous year, although one tax on it had already been paid, and no one doubted the validity of the tax or attempted to resist it.
Both in principle and authority it may be taken to b^ established, that a legislative body may by statute declare! the construction of previous statutes so as to bind the counts in reference to all transactions occurring after the passage of the law, and may in many cases thus furnish the rule, to govern the courts in transactions which are past, provided no constitutional right of the party concerned is violated.*
*332 In the case of the Wheeling Bridge,* this court, in a suit brought under its original'jurisdiction by the. State of Pennsylvania, liad declared the bridge a nuisance and decreed its modification or abatement. Congress then passed a law declaring it a post route and a lawful structure as it stood, and this court recognizing the right of Congress to regulate such a bridge under the commerce clause of the Constitution, dismissed the ease from i.ts further consideration.
This doctrine is reaffirmed in the case of the Clinton Bridge.†
It is’undoubtedly true that, in our system of government, the law-rnhking power is vested in Congress, and the power to construe' laws in the course of their administration between citizens, in the courts. And it may be conceded that Congress canhot, under co.ver of giving a construction to an existing or an expired statute,.invade private rights, with which it could not interfere by a ne)v or affirmative statute.
But where it can exercise a pqwer by passing a new statute, which may be retroactive in its effect., the form of words 'which', it us.es to put this power in operation cannot be material, if the purpose is clear, aiid that'-purpose is within the power. Congress could have passed a law to reimpose this tax retrospectively, to revive the Sections under consideration if they had expired, to re-enact the law by a simple reference to the sections. Pías it done anything more ? Has it intended to do anything more? Are we captiously to construe the use of the word “construe” as an invasion of the. judicial function where the effect of the statute and the purpose of the statute are clearly within the legislative function ?
A critical view, of the whole of the statute of 1870 shows that it was designed to recast the- internal revenue laws, to repeal some taxes, modify others, and declare the re-enactment or continuance of others for a limited; time. And this was especially true of the class of taxes embraced under the general head of income taxes-of all kinds. The paragraph *333 we luivo been considering was not in its essence an attempt to construe a statute differently from what the courts had construed it, for no construction on this subject bad been given by any court. Nor was it an attempt by construing a statute to interfere with or invade personal rights which were beyond the constitutional power of Congress. But it was a logitifinite exercise of the taxing power by which a tax, which might be supposed to have expired, was revived and continued in existence for two years longer.
It was, therefore, valid for that purpose,,and the tax must be upheld. It follows that on the agreed statement of facts judgment should have been rendered for the defendant in the Circuit Court, and the judgment of that court is reversed and the case remanded, with directions to enter such a judgment.
This opinion disposes of all the cases, thirteen in number, in which Stockdale is plaintiff in error, submitted with-this, and the same judgment is rendered in each of these cases.

 17 Wallace, 294

 17 Ib. 322.

 16 Stat. at Large, 261.

 Sedgwick on Statutory Law, 253; Municipality No. 1 v. Wheeler, 10 Louisiana Annual, 747.

 18 Howard, 421.

 10 Wallace, 454.