SCHUYLKILL BANK (KNEASS v.). See Cases Nos. 7,875 and 7,876.

———

## Case No. 12,497.

### SCHUYLKILL NAV. CO. v. ELLIOTT.

[32 Leg. Int. 362;[1] 21 Int. Rev. Rec. 342; 1 N. Y. Wkly. Dig. 282; 8 Chi. Leg. News, 26.]

Circuit Court, W. D. Pennsylvania. Oct. 4, 1875.

INTERNAL REVENUE — BONDED INDEBTEDNESS OF CORPORATION—IMPOSITION OF NEW TAX.

1. The act of congress of July 14, 1870 [16 Stat. 256], re-enacts the sections of the act of 1864 [13 Stat. 223], in reference to the tax of 5 per cent. on the amount of interest upon a corporation's bonded indebtedness.

2. Congress has the right to impose a tax by a new statute. although the measure of the tax is governed by the income of the past year.

At law.

Wm. M. Tilghman and R. C. McMurtrie, for plaintiff.

John K. Valentine and Wm. McMichael, for defendant.

McKENNAN, Circuit Judge. On the 10th and 16th of September, 1870, the plaintiff returned to the internal revenue assessor the amount of interest upon its bonded indebtedness, payable on and between the 1st days of January and July, 1870, upon which a tax of 5 per cent. was assessed by the assessor and paid by the plaintiff under protest to the defendant, as collector; and the question to be determined is, whether this interest was subject to taxation. If the 120th, 121st, 122d, and 123d sections of the internal revenue act of June 30, 1864, and its amendments in 1866 [14 Stat. 98] and 1867 [14 Stat. 471], did not expire by limitation with the year 1869, except as to the income tax properly so considered, as was held by the circuit court for the First circuit, in the Concord R. Co. v. Topliff [Case No. 3,093], there can be no doubt of the liability of the plaintiff for the tax imposed. And, indeed, it is very difficult to gainsay the conclusion of the court in that case, supported, as it is, by very cogent reasons.

But whether this be so or not, the act of

———

[1] [Reprinted from 32 Leg. Int. 362, by permission.]

July 14, 1870 (16 Stat. 261), is decisive of the plaintiff's liability. Notwithstanding the peculiarity of its phraseology, the supreme court holds in the case of Stockdale v. Atlantic Ins. Co., 20 Wall. 323 [87 U. S.], that the seventeenth section of that act re-enacts sections 122 and 123 of the act of 1864, as modified by subsequent statutes, and subjects to the tax imposed by them the earnings of corporations which accrued before its passage. Mr. Justice Miller, delivering the opinion of the court, says: "The right of congress to have imposed this tax by a new statute, although the measure of it was governed by the income of the past year, cannot be doubted; much less can it be doubted, that it could impose such a tax on the income of the current year, though part of that year had elapsed when the statute was passed. * * * The paragraph we have been considering was not, in its essence, an attempt to construe a statute differently from what the courts had construed it, for no construction on this subject had been given by any court. Nor was it an attempt, by construing a statute, to interfere with or invade personal rights, which were beyond the constitutional power of congress. But it was a legitimate exercise of the taxing power, by which a tax, which might be supposed to have expired, was levied and continued in existence for two years longer. It was, therefore, valid for that purpose, and the tax must be upheld."

Although the contested assessment in that case was upon corporate earnings, the principle of the decision is equally applicable to a tax levied upon the interest payable on corporate bonds, because the tax upon both is imposed by the same sections of the acts of 1864, 1866, and 1867, which the court declare are continued in force by the act of 1870. As the tax in question was assessed after the passage of that act, it must be held to have been legally demandable; and judgment will, therefore, be entered on the special verdict for the defendant.