AMERICAN SUGAR REFINING CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 10, 1905.)

No. 3,543.

CUSTOMS DUTIES—DATE OF EFFECT OF CUBAN TREATY—RETROSPECTIVE OPERATION.

In construing the treaty with Cuba, the ratifications of which were exchanged March 31, 1903, and which contained both the provision that it should take effect on the tenth day after the exchange of ratifications and the provision that it should "not take effect until approved by the Congress," and which Congress approved by act of December 17, 1903 (33 Stat. 3, c. 1), providing that it should apply "on the tenth day after the exchange of ratifications," *held*, that the treaty was intended to be retroactive, and to relate to Cuban goods imported 10 days or more after the ratifications were exchanged.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,665, T. D. 25,255, which affirmed the assessment of duty by the collector of customs at the port of New York.

H. B. Closson, for importers.
Henry A. Wise, Asst. U. S. Atty.

WHEELER, District Judge. The convention for the reduction of 20 per cent. of the duties on Cuban products provided for exchange of ratifications before January 31, 1903, which was extended two months, and for going into effect on the tenth day after the exchange of ratifications. On the 19th of March the Senate added to that article: "This convention shall not take effect until approved by the Congress." Ratifications were exchanged March 31,

1903. These importations of Cuban products were made between July 14th and September 9th. Duties were assessed without reduction, against which protests were made before or on October 21, 1903, and were submitted to the Board of General Appraisers. On December 17, 1903, congress passed "An act to carry into effect" the convention, which provided that whenever the President shall receive satisfactory evidence that Cuba has made provision to give full effect to the convention, he was authorized to issue his proclamation declaring that he had received such evidence, "and thereupon on the tenth day after exchange of ratifications of such convention between the United States and the republic of Cuba, and so long as the said convention shall remain in force, all articles of merchandise being the product of the soil or industry of the republic of Cuba * * * shall be admitted at a reduction of twenty per cent. of the rates of duty thereon." 33 Stat. 3, c. 1. The President immediately made such proclamation. The board overruled the protests April 28, 1904, and confirmed the assessment without reduction. From that decision this review is brought.

When the collector assessed the duty there was no law in force relating to it but the general tariff law, and his assessment was clearly right; but if the assessment of duties is going on until the board is done with it—which seems to be the case—the question now is whether the decision of the board was right, according to the law of the subject, when that decision was made. If the President and Senate could fix duties by treaty without the concurrence of the Congress, they did not attempt to in this matter. While it was open its taking effect was fixed upon the approval of the Congress, and it derives its force from the act of Congress. No question is understood to be made, and there seems to be no doubt, but that Congress may well provide for the liquidation of duties at a different rate on goods imported before, and especially by reduction; which would be the disposing of what, for the relief of the importers, would be entirely within the power of Congress. Stockdale v. Insurance Co., 20 Wall. 323, 22 L. Ed. 348. So far as the treaty went, it was made very plain that the reduction was to commence on the 10th day after the exchange of ratifications. Congress did not leave the subject open to any construction by using any other expression, but took the same, and thereby enacted of itself that "on the tenth day after the exchange of ratifications, * * * and so long as said convention shall remain in force, all articles of merchandise being the product of the soil or industry of the republic of Cuba * * * shall be admitted at reduction of the rates of duty thereon."

Merchandise is being admitted for tariff purposes until the duties are finally liquidated, which, as to this merchandise, was not till after that act of Congress was passed. These views do not seem to be contrary to U. S. v. Burr, 159 U. S. 78, 15 Sup. Ct. 1002, 40 L. Ed. 82. The intention of Congress appears to have been sought for there, and ascertained from other parts of the act than the one date left to stand after it had gone by; but here there are no such other provisions to control. This act affirms the treaty as it was

made with this date in it, and enacts the date itself in the same terms. The intention to relieve Cuban imports from that date seems clear.

Decision reversed.