MAX LEVINE, Appellant, *v.* THE COMMISSION OF PUBLIC
   WORKS OF THE CITY OF HUDSON, N. Y., and Others,
   Respondents.

Third Department, February 28, 1921.

**Municipal corporations — suit in equity to set aside assessment
   by city of Hudson for street curbing constructed under contract
   with State Commission of Highways — waiver of defects in pro-
   cedure — compliance with city charter requiring commission of
   public works to give grades to abutting owners — right of abutting
   owners to raise question of jurisdiction when called on to pay
   assessment.**

Where, while a resolution of the commission of public works of the city of
   Hudson, adopted pursuant to the provisions of the city charter, as amended,
   and directing owners of lots upon certain streets to set new curbing, was
   in effect, the city, claiming to act under section 137 of the Highway Law,
   entered into an agreement with the State Commission of Highways to
   pay for the curbing upon the streets named, to be constructed in connec-
   tion with an improved highway thereon, abutting lot owners who stood
   by and saw the street curbing constructed by the State without making
   objection, will be deemed to have waived any technical defects in the
   procedure and to have so far estopped themselves as to make it improper
   for a court of equity to give relief by setting aside an assessment levied
   by the city for the cost of the curbing.

The commission of public works had the right to adopt the grade of the engineers doing the State work and the record filed in its office was a sufficient compliance with the law requiring the said commission to give grades to abutting owners so that they might construct the curbing themselves.

While the system of financing adopted by the city seems to be of doubtful validity, still as there was no bad faith and some of the owners have acquiesced and paid their assessments and the others may raise the question of jurisdiction when called on to pay, the assessment should not be set aside.

APPEAL by the plaintiff, Max Levine, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Columbia on the 4th day of August, 1919, upon the decision of the court, rendered after a trial without a jury, dismissing the complaint.

*Crandell & Graf* [*John L. Crandell* of counsel], for the appellant.

*James J. Brennan,* for the respondents.

WOODWARD, J.:

The plaintiff seeks to maintain an action in equity on behalf of himself and all others similarly situated to set aside an assessment for a public work in the city of Hudson. It is somewhat difficult to understand the theory of the action, for the complaint is largely devoted to telling what the law is supposed to be, with very little reference to the equities. So far as we are able to discover, the commission of public works of the city of Hudson has attempted to levy an assessment upon the abutting owners of property upon certain streets in that city to pay for the cost of placing curbing, under the provisions of section 173 of the city charter (Laws of 1895, chap. 751, as amd. by Laws of 1905, chap. 559), and it is the contention of the plaintiff, one of such abutting owners, that the contract having been let for the doing of this work in connection with a development of the State highway system, under the provisions of section 137 of the Highway Law (as amd. by Laws of 1913, chap. 319),* the local commission of public works was without jurisdiction to make such assessment.

Assuming that this is true, and that the local commission did not have jurisdiction to make this assessment, it does not

* Since amd. by Laws of 1916, chap. 571.— [REP.

necessarily follow that a court of equity is bound to give an affirmative judgment which might operate to impose an injustice upon those who have already paid their assessments. Very often where parties have stood by and seen improvements made for which they might legally be charged they have been held to have waived technical defects in the procedure, or to have so far estopped themselves as to make it improper for a court of equity to give relief, and we are of the opinion that this is such a case. If the commission of public works has acted without jurisdiction that fact may be asserted whenever there is an effort to collect any part of such assessment (*O'Donoghue* v. *Boies*, 159 N. Y. 87, 98, 99) and there is no reason why a court of equity should interpose to give immunity to a portion of the abutting owners, some of them having already acquiesced in the improvement and paid their just portion of the burden.

Section 173 of the city charter, as amended by chapter 559 of the Laws of 1905, provides that the commission shall have power by resolution to require the owner or occupant of any lot to " curb and gutter adjoining the sidewalk  *  *  *  with such material as it may prescribe therefor, under the direction of and on a grade to be established by said commission," etc., and that in case any such improvement is not made within the time specified " the commission of public works shall have the power to make, do or complete the same at a cost not exceeding the actual cost of labor and material for such proposed improvement," etc. It is then provided that a special assessment may be made against the owners and upon the lands adjoining such improvement, which shall become a lien upon the premises. It seems that on the 23d day of July, 1915, the commission of public works adopted a resolution directing that on or before the 31st day of August, 1915, the owners of lots upon the streets named should make, lay, relay, repair, grade and regrade the sidewalk in front of their lots, and furnish and set new curbstones or reset the old curbstones, all under the direction of the commission and on the grade thereinbefore fixed and established. While this resolution was in effect the city of Hudson, acting it is claimed under the provisions of section 137

of the Highway Law, and on or before the 24th day of August, 1915, entered into an agreement with the Commission of Highways of the State of New York in and by which the city of Hudson was to pay for such portion of an improved highway upon the streets involved as lay outside of the sixteen-foot center, and to pay for the curbing and any engineering expense, etc. Under the provisions of this contract it appears that the State of New York actually constructed the curbs along these streets which the abutting owners had been directed to set, and it is the contention of the plaintiff that the commission of public works, having asked the city of Hudson to enter into this contract, and having procured the work to be done under conditions which practically prevented the abutting owners doing the work themselves, as the charter provides, were without authority to make the assessment complained of in this action. The plaintiff complains that the commission of public works refused to give the grades to those who asked for them, but we are of the opinion that so far as this point is concerned the commission had a right to adopt the grade of the engineers doing the State highway work, and that the record filed in its office was a sufficient compliance with the law; but it is clear that the city of Hudson having entered into a contract with the State of New York to do this work it was not practicable, at least, for the abutting owners to attempt to do the work.

But it was within the power of the commission of public works to impose this burden, acting within the letter of the statute, and there is nothing in the record to indicate that the work which was done by the State cost more than it would have cost the abutting owners, and in the presence of such a showing there is little appeal to the equitable jurisdiction of the court. The plaintiff, and others, stood by and watched the making of this improvement in conjunction with a State system of highways connecting the city with the main thoroughfare through the State, receiving larger benefits than would have been involved in the mere placing of their curbs, and their effort to avoid an equitable contribution to this work is not calculated to move a court of equity to action, whatever may be necessary as a pure matter of law in connection with any particular assessment.

The system of financing which appears to have been worked out evidently contemplated the laying of this assessment. The State demanded, as a condition of the contract, that the cost of the work be raised and placed at the disposal of the State before the work was commenced. This involved the raising of $30,400, a portion (or $22,000 thereof) being raised by the issuing of certificates of indebtedness, and the remainder by borrowing $8,400 at one of the local banks. This latter sum was, no doubt, intended to cover the item of curbs, and was expected to be returned by means of the special assessment, and while it is very doubtful whether there was justification for this makeshift, and for the levying of the assessment except in the manner specially provided by the charter of the city, there does not appear to have been any bad faith in the matter, and the fact that some of the abutting owners have acquiesced in the assessment and paid their portion, and that the remaining owners, including the plaintiff, may raise the question of jurisdiction whenever they are called upon to make payment, justifies this court in an affirmance of the judgment refusing equitable relief.

The judgment appealed from should be affirmed.

All concur; VAN KIRK, J., with an opinion.

VAN KIRK, J. (concurring):

A State highway was being constructed to the city limits of Hudson. Section 137 of the Highway Law (as amd. by Laws of 1913, chap. 319)* gives authority to the State to continue this through the city, if the city streets within the accepted route are not suitably paved; the State to construct within the city limits in the same manner as outside thereof the same width of highway being constructed to the city limits. The city may, however, petition the State Highway Commission to cover the entire width of the street. If this plan is adopted, the State pays toward the improvement the cost of the highway of the same width as that outside of the city. Should the entire width of the streets be improved, the contract

---

* Since amd. by Laws of 1916, chap. 571.—[REP.

is made by the State, and it does all the work, the acceptance of the work awaiting on the approval of the authorities of the city. Upon the proper completion thereof and the notification as provided in the statute, the State Highway Commission shall certify to the common council the cost of such additional construction and such common council " shall pay the same out of moneys raised by tax or from the issue and sale of bonds as provided * * * by the general or special act governing bond issues and taxation in any such city." The statute then provides: " The provisions of the General Village Law, special village or city charters and other general or special laws relative to the pavement or improvement of streets and the assessment and payment of the cost thereof shall apply, as far as may be, to such additional construction and the assessment and payment of the cost thereof, except that the provisions of any general or local act affecting the pavement or improvement of streets or avenues in any city or village and requiring the owners, or any of the owners, of the frontage on a street to consent to the improvement or pavement thereof, or requiring a hearing to be given to the persons who, or whose premises, are subject to assessment, upon the question of doing such paving or making such improvement shall not apply to the portion of the improvement or pavement of a State or county highway the expense for which is required to be paid by the city or village to the State."

The action of the commission of public works of the city of Hudson, in levying the tax on the abutting owner, is attacked as being outside its jurisdiction and void: (1) Because abutting owners are not given opportunity to construct the curbing as provided by the charter; (2) because of failure to establish a grade line.

The right of an abutting owner to construct the gutter and curbing in front of his premises was given by statute and can be taken away by statute without infringing his constitutional rights. The State acted within its power in taking to itself the paving and improvement of streets through villages and cities of the second and third class, within the route of the State highway laid out. (See *State of Pennsylvania* v. *Wheeling & B. B. Co.*, 18 How. [U. S.] 421; *Stockdale* v. *Insurance Companies*, 20 Wall. 323, 332.) The Highway Law, as above

quoted, did not invade any constitutional right of an abutting owner. By this section any general or local act, requiring abutting owners to consent to the improvement, or requiring a hearing to be given to abutting owners, who are subject to assessment, shall not apply. Otherwise the general or local act remains in force. The State has taken the right to make the contract and to have sole charge of the work within the city limits along such route. Necessarily the abutting owner could not set the curbing and necessarily the local authorities could not give the grade line or style of curbing. But the manner of raising the money for the city's share of the improvement is not interfered with, and the city authorities are authorized to raise the necessary funds in the manner provided by the charter for the same kind of improvement. There is nothing in the Highway Law that conflicts with the provisions of the charter as to the manner of raising these funds. The abutting property owner has no cause to complain, at least until it is shown that the tax he is called upon to pay for this particular expense incurred for curbing is larger than the cost would have been to him had he placed the curbing.

I concur with Mr. Justice WOODWARD.

Judgment affirmed, with costs.