JOHN and BARBARA WESTWICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Westwick v. Commissioner
Docket No. 7015-78.
United States Tax Court
T.C. Memo 1979-329; 1979 Tax Ct. Memo LEXIS 195; 38 T.C.M. (CCH) 1269; T.C.M. (RIA) 79329; August 22, 1979, Filed John Westwick, pro se. Donald T. Rocen, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $327.67 in petitioners' income tax for 1976. Section 301 of the Tax Reform Act of 1976 reduced the amount of the exemption applicable to the minimum tax on tax preference items from $30,000 to $10,000, effective for taxable years beginning after December 31, 1975. The issue is whether under the due process clause of the Fifth Amendment to the Constitution this reduction may be applied in respect of gains derived from a transaction *196 entered into prior to the enactment of the Tax Reform Act of 1976. FINDINGS OF FACT At the time the petition was filed, petitioners were legal residents of Boulder, Colorado. Petitioners filed a joint Federal income tax return for 1976. On September 13, 1976, petitioners entered into a contract for the sale of a duplex located in Boulder, Colorado, one-half of which had been rented and the other half had been occupied as petitioners' personal residence. The sale transaction was closed on October 4, 1976. On their income tax return for 1976, petitioners reported a gain from the sale of the duplex in the amount of $24,368.87. Petitioners reported one-half of the gain as capital gain in view of the dual function of the duplex and, having purchased another residence, deferred the other one-half. On October 4, 1976, the President signed the Tax Reform Act of 1976 (Pub. L. 94-455). Section 301 of that Act reduced the amount of the exemption from the section 56 minimum tax to $10,000 or one-half of the regular tax deduction for the taxable year, whichever is greater, in place of the greater of the $30,000 exemption or the regular tax deduction for the taxable year. For individuals, *197 this revision of the minimum tax provisions applies to taxable years beginning after December 31, 1975. In computing the deficiency here in dispute, the Commissioner applied the revised exemption provisions adopted in the Tax Reform Act of 1976. OPINION Petitioners contend that the amendments to the section 56[1]/ minimum tax provisions in the Tax Reform Act of 1976 may not constitutionally be applied to transactions entered into before its enactment. To support their position they rely mainly upon Untermyer v. Anderson,267 U.S. 440 (1928). Respondent maintains that the retroactive application of the disputed Tax Reform Act provisions is constitutionally permissible. We are compelled to agree with respondent. This precise issue was recently considered by the Court in Buttke v. Commissioner, *198 72 T.C.     (July 16, 1979), where we cited numerous prior court opinions sustaining the constitutionality of similar statutes. We adhere to that opinion. The argument here presented was considered in Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916), one of the first cases arising under the Sixteenth Amendment. In that case, the Supreme Court rejected a Fifth Amendment due-process-of-law attack on the Tariff Act of October 9, 1913, which imposed a tax on income realized after March 1, 1913. In sustaining that Act, the Supreme Court cited Stockdale v. Insurance Companies,87 U.S. 323, 331 (1873), which sustained the constitutionality of a joint resolution adopted July 4, 1864, to impose a tax of 5 percent upon all income of the previous year. In Welch v. Henry,305 U.S. 134, 148-149 (1938), rehearing denied 305 U.S. 675, (1938), the Supreme Court sustained the constitutionality of a Wisconsin State law, adopted March 27, 1935, which imposed a tax on corporate dividends received in 1933 at rates different from those applicable in that year, stating: For more than seventy-five years it has been the familiar *199 legislative practice of Congress in the enactment of revenue laws to tax retroactively income on profits received during the year of the session in which the taxing statute is enacted, and in some instances during the year of the preceding session. * * * Those statutes not only increased the tax burden by laying new taxes and increasing the rates of old ones or both, but they redistributed retroactively the tax burdens imposed by pre-existing laws. * * * The contention that the retroactive application of the Revenue Acts is a denial of the due process guaranteed by the Fifth Amendment has been uniformly rejected. The Court explained (305 U.S. at 147): In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation. In the light of these and other procedents, we cannot say that the change in the Tax Reform Act of 1976 with respect to the amount of the exemption applicable to the minimum tax or tax preference items is so harsh and oppressive as to trangress the constitutional limitation." Welch v. Henry,supra at 147. *200 The case of Untermyer v. Anderson,supra, is distinguishable. That case involved a statute which imposed a gift tax on transactions which occurred prior to its enactment. The statute did not merely change the applicable rate but imposed a completely new tax on transactions already completed. Petitioner presented his position with sincerity and eloquence. We can understand his viewpoint. As a Court, however, we must take the law as written by the Congress and, in the face of the well-established constitutional principles outlined above, we have no choice but to sustain respondent's position. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. /Sec. 56, Internal Revenue Code of 1954, for each taxable year with respect to the income of every person, a tax-- equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater of-- (1) $10,000.00 or (2) the regular tax deduction for the taxable year (as determined under subsection (c)).↩