HORACE LYNN WIGGINS AND JIMMIE SUE WIGGINS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14077-88.          Filed April 19, 1989.

*Joseph Ineich,* for the respondent.

OPINION

NIMS, *Chief Judge:* This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of

section 7443A(b) and Rule 180 et seq.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

WOLFE, *Special Trial Judge:* Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $4,502 and additions to tax under section 6653(a)(1) in the amount of $225.10 and under section 6653(a)(2) of 50 percent of the interest due on $4,502.

After concessions, the two issues presented for decision are (1) whether the 1984 amendment to section 55(f)(2) [now section 55(c)(1)], which retroactively excluded the tax upon investment credit recapture from the computation of the alternative minimum tax for tax years beginning after December 31, 1982, is a taking of property in violation of the Fifth Amendment to the Constitution and (2) whether petitioners are liable for additions to tax due to negligence.

All of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioners were residents of Mansfield, Louisiana, at the time of filing of their petition herein. Petitioners concede that they had unreported interest and dividend income. Petitioners attached a Form 4255 to their 1983 Federal income tax return upon which they reported recapture of previously allowed investment credits in the aggregate amount of $3,986. This amount was reported as tax on petitioners' Form 1040. Petitioners were subject to the alternative minimum tax. In computing their alternative minimum tax liability, petitioners included the tax from the recapture of investment credits in computing the amount of their regular tax. After the due date of petitioners' 1983 return, on July 18, 1984, the Deficit Reduction Act of 1984, 98 Stat. 494, was enacted.[2] Section 711(a)(1) of that Act amended section 55(f)(2) to clarify that the amount of

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Tax Reform Act of 1984 (Division A of the Deficit Reduction Act of 1984), Pub. L. 98-369, 98 Stat. 942 included the Technical Corrections Act to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324.

investment credit recapture is not included in taxpayers' regular tax for purposes of computing alternative minimum tax liability. H. Rept. 98-432, Part 2, to accompany H.R. 4170 (Pub. L. 98-369), 98th Cong., 2d Sess. 1611 (1984). The statute made this amendment retroactive to tax years beginning after December 31, 1982. Sec. 715, Deficit Reduction Act of 1984, 98 Stat. 966.[3]

Since petitioners added the tax from the recapture of investment credits to their regular tax in computing the alternative minimum tax, their regular tax was overstated by $3,986 for purposes of the alternative minimum tax. This computation resulted in a corresponding decrease in petitioners' total tax liability and was contrary to the subsequent amendment to section 55(f)(2).

Petitioners concede that respondent correctly computed the amount of alternative minimum tax due from them for the taxable year ended December 31, 1983, under the terms of the law. Petitioners argue that the retroactive application of amended section 55(f)(2) to the recapture of investment credits is a taking in violation of the Fifth Amendment. Petitioners further contend that to require them to comply with laws passed after the due date of their return is so arbitrary as to amount to a confiscation.

Federal income tax provisions may be applied retroactively without infringing upon constitutional rights. *United States v. Darusmont,* 449 U.S. 292, 297 (1981); *Cooper v. United States,* 280 U.S. 409, 411 (1930); *Brushaber v. Union Pacific R. Co.,* 240 U.S. 1, 20 (1916). A retroactive statute is not of itself unconstitutional unless it violates the due process clause. *Stockdale v. Insurance Cos.,* 87 U.S. (20 Wall.) 323, 331 (1873); *Fife v. Commissioner,* 82 T.C. 1, 12 (1984). In determining whether the retroactive application of an income tax statute is constitutional, the test is whether "the nature of the tax and the circumstances in which it is laid * * * is so harsh and oppressive as to transgress the constitutional limitation." *Welch v. Henry,* 305 U.S. 134, 147 (1938); *Fife v. Commissioner, supra* at 12. The Supreme

---

[3]Sec. 715, of Pub. L. 98-369, 98 Stat. 966 states: "Any amendment made by this subtitle shall take effect as if included in the provisions of the Tax Equity and Fiscal Responsibility Act of 1982 [Pub. L. 97-248] to which such amendment relates." The Tax Equity and Fiscal Responsibility Act of 1982, 96 Stat. 324, 421, provides at sec. 201(e)(1) that "The amendments made by this section shall apply to taxable years beginning after December 31, 1982."

Court noted that: "a distinction is made between a bare attempt of the legislature retroactively to create liabilities for transactions which, fully consummated in the past, are deemed to leave no ground for legislative intervention, and the case of a curative statute aptly designed to remedy mistakes and defects in the administration of government where the remedy can be applied without injustice." *Graham & Foster v. Goodcell*, 282 U.S. 409, 429 (1931); *Howell v. Commissioner*, 77 T.C. 916, 923 (1981). There is a difference between the retroactive application of a new tax which imposes taxation on an otherwise tax-free transaction and a mere change in rate or a technical amendment. *Howell v. Commissioner, supra* at 921. A corrective statute may be made retroactive beyond a fixed date without violating due process. *Graham & Foster v. Goodcell, supra* at 429; *Howell v. Commissioner, supra* at 922. The retroactive application of a taxing statute to a year prior to the year of enactment has been held not to violate due process. In *Welch v. Henry, supra*, the Supreme Court held that a Wisconsin statute enacted in 1935 and which retroactively taxed previously exempt dividends received in 1933, did not violate the due process clause of the 14th Amendment. More recently, this Court held that retroactive application of amendments made by the Tax Reform Act of 1976 to the 1973 tax year is constitutional. *Fife v. Commissioner, supra* at 12-14.

Section 55(f)(2) was amended by Congress to clarify existing law and was "meant to carry out the intent of Congress in enacting the original legislation." H. Rept. 98-432, part 2, to accompany H.R. 4170 (Pub. L. 98-369), 89th Cong., 2d Sess. 1611 (1984). We are not dealing with the imposition of a new tax. Nor is this case an instance where petitioners had "no reason to suppose that any transactions of the sort will be taxed at all." *Cohan v. Commissioner*, 39 F.2d 540, 545 (2d Cir. 1930); *United States v. Darusmont, supra* at 298. Recapture of investment credits was subject to an existing tax prior to the amendment of section 55(f)(2). Furthermore, the alternative minimum tax has been in effect since 1969. The amendment to section 55(f)(2) imposed no new tax, but merely clarified the treatment of the tax on investment credit recapture under

the alternative minimum tax. While we do not reach the issue, it is not at all certain that petitioners would have been entitled to include the tax from recapture of investment credits in computing their liability under the alternative minimum tax even absent the amendment to section 55(f)(2). The amended statute merely concerns the method of computing the alternative minimum tax and reaches nothing that it did not reach before.

Lastly, we do not view the possible lack of actual or constructive notice of the change in the law as significant. While many cases have discussed the fact that a taxpayer had actual or constructive notice of a proposed change in the tax laws, a notice requirement never has been imposed with respect to retroactive tax legislation. *Fife v. Commissioner, supra* at 13. See *United States v. Darusmont, supra* at 299. Even if we were to assume that such notice were relevant, we note that the Tax Reform Act of 1983 (H.R. 4170), as reported by the Committee on Ways and Means, dated October 21, 1983, included the Technical Corrections Act of 1983 and provided notice of the provisions in issue.

Petitioners have failed to demonstrate that the retroactive application of the amendment to section 55(f)(2) is "so harsh and oppressive" (*Welch v. Henry, supra* at 147) as to constitute an unconstitutional taking or confiscation.

The further question is whether petitioners are liable for additions to tax for negligence pursuant to section 6653(a)(1) and section 6653(a)(2). These sections impose additions to tax if any part of an underpayment of income tax is due to negligence or intentional disregard of rules and regulations. Negligence is defined as the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." *Marcello v. Commissioner,* 380 F.2d 499, 506 (5th Cir. 1967), affg. 43 T.C. 168 (1964); *Neely v. Commissioner,* 85 T.C. 934, 947 (1985). Petitioner bears the burden of proof with respect to the negligence addition. *Bell v. Commissioner,* 85 T.C. 436, 441 (1985). The additions to tax for negligence will not be applied where the deficiency is due to a mistaken interpretation of the law on which there can be an honest difference of opinion. *Marcello v. Commissioner, supra* at 506; *Wesley*

*Heat Treating Co. v. Commissioner,* 30 T.C. 10, 26 (1958), affd. on another issue 267 F.2d 853 (7th Cir. 1959).

After the year in issue, Congress amended section 55(f)(2) to clarify the treatment of investment credit recapture in computing the alternative minimum tax. Petitioners did not have the benefit of this clarification when they made their return. It was not unreasonable for petitioners to believe that they could include the tax on investment credit recapture in computing their alternative minimum tax liability.

Petitioners have conceded that they had unreported dividend and interest income. Since petitioners have failed to submit any proof on this issue, we find that the part of the underpayment of tax resulting from petitioners' failure to report dividend and interest income was due to negligence. Accordingly, respondent's determination is sustained as to the contested issues including the addition to tax determined under section 6653(a)(1) and that portion of the addition to tax under section 6653(a)(2) resulting from tax attributable to the unreported dividend and interest income.

After concessions by both parties,

*Decision will be entered under Rule 155.*