JEFFREY LEFCOURT AND RUTH ANNE LEFCOURT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lefcourt v. Commissioner
Docket No. 21105-87
United States Tax Court
T.C. Memo 1990-193; 1990 Tax Ct. Memo LEXIS 212; 59 T.C.M. (CCH) 415; T.C.M. (RIA) 90193; April 16, 1990 The court entered a decision in favor of the commissioner and against the taxpayers as to the deficiency determination.
Howard W. Gordon, for the petitioners. Henry J. Riordan, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1983 in the amount of $ 2,391. The issue for decision is whether the retroactive feature of a 1984 amendment to section 55(f)(2) (now section 55(c)(1)), the alternative minimum tax provision of the Internal Revenue Code, [1] violates petitioners' *215 due process rights under the Fifth Amendment. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners resided in Miami, Florida, when they filed their petition. Under an agreement dated January 13, 1983, petitioner Jeffrey Lefcourt (hereinafter "petitioner") agreed to sell his two-percent partnership interest in West Flagler Associates, Ltd., a Florida limited partnership. The sale was prompted by a disagreement among the partners over the management of the partnership and of the business owned by the partnership (namely, the West Flagler Kennel Club). On March 9, 1983, the sale closed and petitioner's interest in the partnership was sold for $ 560,000. In 1983, petitioner was a certified public accountant and was employed by the public accounting firm of Laventhol & Horwath. Sometime in 1983 after the sale of his interest in West Flagler Associates, petitioner apparently made an estimate of his and his wife's 1983 joint Federal income tax liability. For purposes of that estimate and in calculating an estimate *216 of their alternative minimum tax liability for 1983, petitioner used a computerized tax return preparation program known as Aardvark, which program included in the calculation of petitioners' regular tax (for purposes of the alternative minimum tax calculation) the $ 2,391 investment tax credit recapture. On August 4, 1983, legislation (The Technical Corrections Act of 1983) was introduced into the United States House of Representatives (House Resolution 3805) to amend section 55(f)(2) to expressly exclude from the definition of the regular tax (in the calculation of the alternative minimum tax) any investment tax credit recapture. Petitioner became aware of this proposed legislation in late 1983. The proposed amendment to section 55(f)(2) was signed into law on July 18, 1984, as part of the Deficit Reduction Act of 1984. Sec. 711(a)(1), Pub. L. 98-369, 98 Stat. 494, 942. Under section 715 of the Deficit Reduction Act of 1984, the amendment to section 55(f)(2) was made retroactively effective to the original effective date (namely, all tax years beginning after December 31, 1982) of the alternative minimum tax provisions as enacted in 1982 as part of the Tax Equity and Fiscal *217 Responsibility Act of 1982 ("TEFRA"), sec. 201, Pub. L. 97-248, 96 Stat. 324, 411. [2]
In the preparation of their 1983 joint Federal income tax return, petitioners used a computerized tax return preparation service known as Computax. Computax calculated petitioners' alternative minimum tax liability for 1983 based on the 1984 retroactive amendment to section 55(f)(2) (i.e., in the calculation of petitioners' alternative minimum tax liability, Computax excluded from the calculation of petitioners' regular tax the $ 2,391 investment tax credit recapture). When finalizing their 1983 joint Federal income tax return, however, petitioners did not use the calculation of the alternative minimum tax liability as prepared by Computax. Rather, in calculating their alternative minimum tax liability, petitioners did not *218 exclude from the regular tax the $ 2,391 investment tax credit recapture. On audit, respondent recalculated petitioners' alternative minimum tax liability by excluding from the calculation of petitioners' regular tax the $ 2,391 investment tax credit recapture. OPINION As enacted in 1982, the alternative minimum tax under section 55 was designed to prevent taxpayers with substantial economic income from continuing to avoid all income tax liability by using exclusions, deductions, and credits. S. Rept. 97-494 at 107 (1982). The recapture of investment tax credits under section 47 was designed to ensure that investment tax credits claimed by taxpayers are repaid to the Federal government where property with respect to which credits are claimed is disposed of soon after its acquisition. In order to prevent the legislative purpose behind the alternative minimum tax and the investment tax credit provisions of the Code from being frustrated by a defect in section 55, in 1984 Congress retroactively amended section 55(f)(2) to clarify that, for purposes of calculating the alternative minimum *219 tax, investment tax credits recaptured under section 47(a) were to be excluded from the definition of the regular tax. H. Rept. 98-432, Part 2, at 1611 (1984). [3] In the General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, prepared by the staff of the Joint Committee on Taxation, the 1984 retroactive amendment to section 55(f)(2) is referred to as a "Technical Correction" (at 985 J. Comm. Print 1984), and the following explanation is provided: In order that a taxpayer may not avoid recapture of investment tax credit on disposition of investment credit property by reason of being subject to the alternative minimum tax, the Act clarifies that the amount of investment credit recapture is not included in the taxpayer's regular tax for purposes of computing alternative minimum liability. As a result, the recapture tax will be a liability in addition to the taxpayer's alternative minimum tax and regular tax. [4]
*220 Before the 1984 amendment, by not expressly excluding from the definition of the regular tax the amount of any investment tax credit recapture, section 55(f)(2) arguably allowed taxpayers with an alternative minimum tax liability effectively to avoid the recapture of investment tax credits by allowing the amount of the investment tax credit recapture to reduce the amount of the alternative minimum tax dollar for dollar. Under that reading of section 55(f)(2) before the 1984 amendment, taxpayers with an alternative minimum tax liability would end up paying the same amount of total tax regardless of any investment tax credit recapture. Petitioners argue that the retroactive application of section 55(f)(2) as amended in 1984 to the calculation of their alternative minimum tax for 1983 would be so "harsh and oppressive" as to be unconstitutional. See Welch v. Henry, 305 U.S. 134, 147 (1938). [5] For the reasons explained below, we disagree. *221 In United States v. Darusmont, 449 U.S. 292 (1981), the Supreme Court addressed the constitutionality of the retroactive effect of certain 1976 amendments to the minimum tax under section 56, a predecessor to the alternative minimum tax at issue in this case. In concluding that the 1976 retroactive amendments to the minimum tax did not violate the taxpayers' rights to due process, the Supreme Court (449 U.S. at 296-298) explained as follows: In enacting general revenue statutes, Congress almost without exception has given each such statute an effective date prior to the date of actual enactment. This was true with respect to the income tax provisions of the Tariff Act of Oct. 3, 1913, and the successive Revenue Acts of 1916 through 1938. It was also true with respect to the Internal Revenue Codes of 1939 and 1954. Usually the "retroactive" feature has application only to that portion of the current calendar year preceding the date of enactment, but each of the Revenue Acts of 1918 and 1926 was applicable to an entire calendar year that had expired preceding enactment. This "retroactive" application apparently has been confined to short and limited *222 periods required by the practicalities of producing national legislation. We may safely say that it is a customary congressional practice. * * * The Court has stated the underlying rationale for allowing this "retroactivity": Taxation is neither a penalty imposed on the taxpayer nor a liability which he assumes by contract. It is but a way of apportioning the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. Since no citizen enjoys immunity from that burden, its retroactive imposition does not necessarily infringe due process, and to challenge the present tax it is not enough to point out that the taxable event, the receipt of income, antedated the statute. Welch v Henry, 305 U.S. at 146-147. * * * 449 U.S. at 296-298. Fn. ref. omitted. See also DeMartino v. Commissioner, 88 T.C. 583, 587-588 (1987), affd. 862 F.2d 400 (2d Cir. 1988). As we have previously noted, we are aware of no Federal income tax statute that has been held to be unconstitutional under the above test because of its retroactive applicability. Fife v. Commissioner, 82 T.C. 1, 12 (1984). *223 The precise issue before us in this case was addressed recently by this Court in Wiggins v. Commissioner, 92 T.C. 869 (1989). Therein, we stated as follows: Section 55(f)(2) was amended by Congress to clarify existing law and was "meant to carry out the intent of Congress in enacting the original legislation." H. Rept. 98-432, part 2, to accompany H.R. 4170 (Pub. L. 98-369), 89th Cong., 2d Sess. 1611 (1984). We are not dealing with the imposition of a new tax. Nor is this case an instance where petitioners had "no reason to suppose that any transactions of the sort will be taxed at all." Cohan v. Commissioner, 39 F.2d 540, 545 (2d Cir. 1930); United States v. Darusmont, supra at 298. Recapture of investment credits was subject to an existing tax prior to the amendment of section 55(f)(2). Furthermore, the alternative minimum tax has been in effect since 1969. The amendment to section 55(f)(2) imposed no new tax, but merely clarified the treatment of the tax on investment credit recapture under the alternative minimum tax. [92 T.C. at 872-873.] Wiggins controls the resolution of this case. In 1983, *224 the overall statutory intent and purpose of the investment tax credit and the alternative minimum tax provisions of the Code, taken together, were clear to the effect that taxpayers were not to avoid recapture of any investment tax credits under section 47(a) by excluding (in the calculation of their alternative minimum tax liability) the amount of investment tax credit recapture from their calculation of their regular tax. The 1984 amendment to section 55(f)(2) that is at issue in this case represents only a technical correction of the statutory language of section 55(f)(2). Furthermore, petitioners in this case have not shown how application of the 1984 amendment of section 55(f)(2) to the calculation of their alternative minimum tax liability for 1984 would be harsh and oppressive. We conclude that the retroactive application of the 1984 amendment of section 55(f)(2) to petitioners' 1983 tax year does not violate petitioners' rights of due process. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended for the year in issue.↩
2. Section 715 of The Tax Reform Act of 1984, 98 Stat. 966, provided as follows: EFFECTIVE DATE. Any amendment made by this subtitle shall take effect as if included in the provision of the Tax Equity and Fiscal Responsibility Act of 1982 to which such amendment relates.↩
3. The language of section 55(f)(2) as enacted in 1982 provides as follows: (2) Regular Tax. -- The term "regular tax" means the taxes imposed by this chapter for the taxable year (computed without regard to this section and without regard to the taxes imposed by sections 72(m)(5)(B), 72(q), 402(e), 408(f), 409(c), and 667(b)) reduced by the sum of the credits allowable under subpart A of part IV of this subchapter (other than under sections 31, 39, and 43). For purposes of this paragraph, the amount of the credits allowable under such subpart shall be determined without regard to this section. The language of section 55(f)(2) as amended in 1984 provides as follows: (2) Regular Tax. -- The term "regular tax" means the taxes imposed by this chapter for the taxable year (computed without regard to this section and without regard to the taxes imposed by sections 47(a), 72(m)(5)(B), 72(q), 402(e), 408(f), and 667(b)↩) reduced by the sum of the credits allowable under subparts A, B, and D of part IV of this subchapter. For purposes of this paragraph, the amount of the credits allowable under such subpart shall be determined without regard to this section. 4. Although General Explanations prepared by the staff of congressional committees are technically not considered "legislative history," the Supreme Court has relied on such general explanations in its analysis of tax statutes. See FPC v. Memphis Light, Gas & Water Div., 411 U.S. 458, 471-472↩ (1973).
5. In Welch v. Henry, 305 U.S. 134 (1938), the Supreme Court held that a Wisconsin statute enacted in 1935 and imposing a tax on previously exempt dividend income received in 1933 did not violate the due process clause of the 14th Amendment↩.